# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DANIELE VERDIER-LOGARIDES, ADMINISTRATOR FOR THE ESTATE OF CRAIG EDMUND VERDIER-LOGARIDES, DECEASED,** | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:15CV00029 |
| v. | ) ) | **OPINION AND ORDER** |
| **COMMONWEALTH OF VIRGINIA, ET AL.,** | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) ) | |

*Richard D. Kennedy, Kennedy Law Office, Wise, Virginia, and James N.L. Humphreys, Hunter, Smith, & Davis, LLP, Kingsport, Tennessee, for Plaintiff; Margaret Hoehl O'Shea, Assistant Attorney General, Richmond, Virginia, for Defendants.*

Following a prison inmate's suicide, the decedent's representative filed suit under 42 U.S.C. § 1983, alleging deliberate indifference by prison officials in violation of the Eighth Amendment. The defendants moved to dismiss the action. The plaintiff then filed a timely Amended Complaint that removed the governmental defendants, as well as one of the individual defendants. I therefore find that the portions of the Motion to Dismiss that relate to those defendants are now moot. As for the two remaining defendants, I find that the plaintiff has pleaded sufficient facts for discovery to go forward, and I will deny the motion.

I.

The Amended Complaint alleges the following facts, which I am bound at this point in the case to accept as true.

Craig Edmund Verdier-Logarides was an inmate in Virginia's prison system. He attempted to commit suicide sometime in 2008 or 2009, and was thereafter institutionalized at the Southwest Virginia Mental Health Correctional Facility. The Amended Complaint indicates that he had a history of mental health issues and self-harm.

In April of 2014, Verdier-Logarides was housed in the Special Housing Unit at Red Onion State Prison. The warden at Red Onion had previously issued a suicide watch over him. This heightened risk was known to and discussed between the defendants.

At around 9:23 a.m. on April 19, 2014, defendant Warren Smith, a correctional officer, checked on Verdier-Logarides to find that he had covered his cell window with cardboard in an effort to prevent correctional officers from seeing him. Upon inquiry from Smith, Verdier-Logarides peeled back a portion of the cardboard, and indicated to Smith that he was washing and did not want the officers to see him nude. He then pushed the cardboard back over the cell's window.

At approximately 9:52 a.m. and 10:25 a.m., defendant Aaron Duke Deel, another correctional officer, came to Verdier-Logarides' cell to check on him. While Deel signed the daily log sheet to indicate that he had checked on Verdier-Logarides, he was not able to see the inmate because of the cardboard. According to the Amended Complaint, Deel did not make any attempts to speak with or otherwise monitor Verdier-Logarides.

At approximately 11:15 a.m., a correctional officer opened the food tray slot to Verdier-Logarides' cell and found him unconscious on the floor. He had a rope tied around his neck and ankles, a laceration to his left wrist, and his bed was covered in blood. While he had a pulse, he was unconscious and bleeding. He was pronounced dead approximately one hour and fifteen minutes later. The medical examiner concluded that his wounds were self-inflicted.

The plaintiff claims that after this incident, the defendants falsified inmate log sheets in order to create the appearance that they had performed checks on inmates that did not actually occur.

The plaintiff alleges that the defendants' failure to monitor Verdier-Logarides contributed to his death.

II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).

Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992).

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court evaluates it and any documents attached or incorporated by reference. *Sec'y of State for Def. v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002).

Section 1983 imposes civil liability on persons acting under color of state law who deprive another person of the rights and privileges secured by the Constitution. The plaintiff alleges that the defendants violated the Eighth Amendment to the Constitution by failing to protect Verdier-Logarides from a substantial risk of serious harm.

The Supreme Court has outlined two requirements that must be met in order to establish an Eighth Amendment failure to protect claim. First, "a prison official's act or omission must result in the denial of 'the minimal civilized measure

of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). In other words, the denial of the prisoner's constitutional rights must be "sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, the prison official must have a "sufficiently culpable state of mind," *id.* (internal quotation marks and citation omitted)*,* which means that the official either purposefully caused the harm or acted with "deliberate indifference." *Wilson v. Seiter,* 501 U.S. 294, 303-04 (1991).

The Fourth Circuit has made clear that a substantial risk of suicide can satisfy the first prong of *Farmer*. *See Short v. Smoot*, 436 F.3d 422, 427 (4th Cir. 2006). The plaintiff's Amended Complaint attempts to satisfy the second prong by alleging that the defendants were deliberately indifferent to the risk that Verdier-Logarides would kill himself.

The defendants argue that the plaintiff has not pleaded sufficient facts to support a finding of deliberate indifference, and that in any event, the defendants are protected by qualified immunity.

On the first point, I find that the plaintiff has set forth enough facts for this action to survive the Motion to Dismiss. The Amended Complaint alleges that Verdier-Logarides had previously attempted to kill himself (which resulted in him being institutionalized at Southwest Virginia Mental Health Correctional Facility),

that Red Onion's warden had issued a heightened security watch over Verdier-Logarides based on the belief that he might hurt himself, that the defendants knew of this heightened security watch, and that they nonetheless allowed Verdier-Logarides to cover his cell's window with cardboard, effectively leaving him unsupervised for two hours. The plaintiff further alleges that after Verdier-Logarides was discovered, the defendants falsified prison documents in an effort to hide their failure to monitor other inmates. These allegations, if accepted as true, have sufficiently stated a claim for deliberate indifference.

On the defendants' second point, I cannot conclude at this stage in the litigation that the defendants are protected by qualified immunity. "Qualified immunity 'balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Strickland v. Halsey*, No. 14-6229, 2015 WL 4928270, at *3 (4th Cir. Aug. 19, 2015) (unpublished) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)). Generally, qualified immunity protects law enforcement officers from "bad guesses in gray areas" and ensures that they are liable only "for transgressing bright lines." *Maciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992). "Thus, government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Short,* 436 F.3d at 426-27 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

When determining whether a prison official's conduct is entitled to qualified immunity, I must determine (1) the right that the plaintiff claims was infringed upon, (2) whether the plaintiff has pleaded facts that demonstrate a violation of that right, and (3) whether, at the time of the alleged violation, that right was clearly established. *See id.* at 427. As discussed above, the Amended Complaint satisfies the first and second of these criteria. Assessing the third criteria requires me to determine whether a reasonable correctional officer, placed in the defendants' position, would have understood that he was violating the Eighth Amendment. *See id*. Given that this litigation is in its infancy, and meaningful discovery has not yet occurred, I cannot make that determination at this time. In order for me to determine whether a reasonable officer would have known that he was infringing upon Verdier-Logarides' Eighth Amendment rights, I find that the court requires more detailed facts concerning the previously issued suicide watch and the events that occurred on April 19, 2014, which information may be obtained through discovery.

II.

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 21) is DENIED.

ENTER: March 23, 2016

/s/  James P. Jones
United States District Judge